**TIDAL OIL CO. v. BOLTON et al.**

No. 21593. Opinion Filed Nov. 3, 1931.

Y. P. Broome and J. C. Wilhoit, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondent E. J. Bolton.

J. Berry King, Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission in favor of the claimant, E. J. Bolton, made and entered July 8, 1930. The record shows that E. J. Bolton, claimant, was, on the 7th day of July, 1930, employed by the petitioner, Tidal Oil Company. On that date he started from the camp at Maud, Okla., to Pauls Valley, Okla., to do some work, in a truck operated, owned and controlled by the petitioner. En route he received an injury by falling from said truck and striking his shoulder and back against the ground. He received treatment for same at Tulsa, Okla., and later returned to work. He was paid compensation in the amount of $132.54, the same being for temporary total disability. Later a motion for hearing was filed, and pursuant to said motion, a hearing was held, and on July 8, 1930, the State Industrial Commission made the following award:

"Order.

"1. Claimant on May 7, 1929, was in the employment of this respondent and engaged in the performance of a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2. Arising out of and in the course of his employment claimant on May 7, 1929, sustained an accidental personal injury as a result of which claimant was temporarily totally disabled for a period of time for which compensation has heretofore been paid by this respondent.

"3. As a further result of said injury claimant (sustained) a fracture of the clavicle and contusion of the left shoulder thereby causing a 10 per cent. permanent disability.

"4. The average wage of claimant at the time of said injury was $25 per week.

"The Commission is of the opinion: On consideration of the foregoing facts, that claimant is entitled (to) the further compensation for 10 per cent. permanent total disability, being 50 weeks' compensation at the rate of $16.25 per week, computed from June 12, 1930.

"It is therefore ordered: That respondent herein pay to claimant compensation at the rate of $16.25 per week computed from June 12, 1930, until a total of 50 weeks shall have been paid claimant for a 10 per cent. permanent total disability, or a total sum of $817.50."

Petitioner appeals from the order of the Commission and assigns but one error, to wit: "That said award of the State Industrial Commission is in conflict with and contrary to the evidence introduced in said cause. and is not supported by the evidence."

Under this assignment of error, petitioner contends that there is no evidence of a 10 per cent. permanent disabilty; and further, that if there is evidence to support the finding that claimant is suffering from a 10 per cent. permanent disability, there is no evidence to support the finding that it is due to the injury received May 7, 1929.

This court has many times held that the Commission's finding of facts is conclusive on this court if there is any evidence which reasonably tends to support said finding.

Section 7297, C. O. S. 1921, as amended by chapter 61, sec. 8, of the 1923 Session Laws, provides that the findings of the Industrial Commission shall be conclusive. In the case of Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, the court, in syllabus No. 2, said:

"Whether or not the claimant's condition is due to the injury of which he complains, and whether or not the injury is permanent, are questions of fact, and the finding of the Industrial Commission will not be disturbed by this court if there is any competent evidence to support it."

The findings of the Commission as to the permanency of the injury and as to whether or not the condition is due to the injury received are questions of fact for the Commission. A careful examination of the transcript of the proceedings discloses that there is competent evidence reasonably tending to support the Commission's findings as to the facts, except as hereinafter stated. In Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633, this court said:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

However, the award was based on a finding of 10 per cent. permanent total disability. As to an injury to a clavicle bone and shoulder there is no such provision within our statutes. A 10 per cent. permanent injury to a clavicle bone and shoulder is a permanent partial disability falling within "other cases," as defined by subdivision 3, sec. 7290, C. O. S. 1921, as amended by the Act of 1923.

For that reason the award must be vacated under the rule stated in Otis Elevator Co. v. Haveley, 148 Okla. 82, 296 Pac. 1106, and in White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611.

The award is vacated and the cause is remanded to the State Industrial Commission. with directions to make an award as herein directed after a finding as to the difference, if any, in the earning capacity of the claimant.

CLARK, V. C. J., and RILEY. HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See nuder (1) L. R. A. 1916A, 266; 58 A. L. R. 1382; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation" § 116. (2) annotation in L. R. A. 1916A, 378; 28 R. C. L. 822.