SUNRAY MID–CONTINENT OIL COMPANY and The Standard Insurance Company, Petitioners,

v.

Walter O. HOOVER and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39199.

Supreme Court of Oklahoma.

March 21, 1961.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Harry R. Palmer, Jr., Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondent.

IRWIN, Justice.

In the cause under review the State Industrial Court found that claimant, while cranking a motor on February 27 or 28, 1959, sustained an accidental injury arising out of and in the course of his hazardous employment, which "aggravated, accelerated, and precipitated a pre-existing heart condition". An award was entered for 45 per centum permanent partial disability to the body as a whole. Employer invokes the reviewing cognizance of this court and asserts there is an entire absence of competent medical evidence to show that claimant's disability resulted from the injury to which it was attributed by the trial tribunal.

Claimant, an oil pumper, is 65 years of age. From November 1928, until the forepart of 1959, he remained in the continuous service of employer and its predecessor. Prior to the injury for which compensation was awarded he had suffered two other heart attacks. The first of these took place on May 16, 1956, while claimant was working on a lease, and the second followed about a month and a half later during the period of his convalescence. Claimant returned to his regular duties on August 1 of that year. When on a mission for the employer in April 1958, he sustained a fracture of two ribs and a back injury in an automobile accident. In June 1958, claimant suffered another back injury while cranking a motor in the course of his employment. He continued to work as a relief pumper until the last accident of February 27 or 28, 1959, following which he was placed on "early retirement" due to ill health. Claimant had received no compensation for any of his prior accidents.

The medical evidence for the claimant consists of testimony by two physicians, Drs. Je and Jo. The former had treated him off and on since the first heart attack; the latter, a specialist in cardiology, examined him for an overall evaluation. Dr. Je related in substance that claimant was permanently totally disabled due to both his heart and back condition. The physician explained that either one of those impairments was sufficient to keep him from performing ordinary manual labor. Asked if in his opinion claimant's present state of permanent total disability was attributable to the last attack of February 28, 1959, considered alone, he gave an unequivocal answer in the affirmative. Dr. Jo first related he could not definitely say that claimant was not permanently totally disabled prior to the last heart attack. He later qualified the statement by adding that

the "record (of claimant's continuous employment until the last injury) speaks for itself" and he "would be greatly surprised if the findings between April 1958 and February 1959, had indicated the same degree of disability and intolerance to exercise that they did subsequent to February 1959". Dr. Jo ultimately concluded that claimant suffered from a "progressive generalized arteriosclerosis manifesting itself primarily through changes in the myocardium", which, though "natural and irreversible", were "accelerated and precipitated" by the onset of February 28, 1959, causing permanent total disability.

For the employer Dr. T testified he could find no "aggravating, causal, or precipitating occupational factors" in claimant's condition.

Whether the disability for which compensation is sought was attributable to a prior progressive cardiac disease alone or resulted solely from unrelated antecedent trauma or pathology, or was produced by an accidental aggravation of a pre-existing heart condition, presented a question of fact to be determined by the State Industrial Court. United Brick & Tile Company v. Roy, Okl., 356 P.2d 107; Farmers Cooperative Ass'n v. Madden, Okl., 356 P.2d 741. Both parties introduced competent expert testimony in support of their divergent theories. The trial tribunal resolved the disputed issue adversely to the employer. Its finding is amply supported by competent evidence that claimant sustained an accidental injury on February 27, 1959, which aggravated, accelerated, and precipitated a pre-existing heart condition, and the determination so made is authorized as within the range of medical evidence adduced. Ridenour v. Van Pick Oil Co., Okl., 289 P.2d 135; Bill Morris Tank Co. v. Martin, Okl., 349 P.2d 15. It is neither the duty nor the province of this Court to weigh the evidence in order to ascertain where the preponderance lies. United Brick & Tile Company v. Roy, supra. Rather, the scope of our reviewing power is limited by statute to the function of determining whether the award rests on any competent evidence and is otherwise free from errors of law. Title 85 O.S.1951 § 26; Merrill v. State Industrial Commission, Okl., 290 P.2d 1095; In re Greer, Okl., 356 P.2d 356.

In its second proposition, employer complains of the trial tribunal's failure to enter a finding in respect to the alleged heart injury of May 16, 1956, which was included and joined in the present claim. Inasmuch as this appeal involves an award based on an injury resulting from an accident sustained on February 27th or 28th, 1959, and not on the injury of May 16, 1956, we find no merit in this contention.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.