LEE WAY MOTOR FREIGHT, INC., and its Insurance Carrier, Transport Insurance Company, a Corporation, Petitioners,

v.

Glen HIGHFILL and State Industrial Court, Respondents.

No. 41865.

Supreme Court of Oklahoma.

June 6, 1967.

As Corrected June 9, 1967.

Pierce, Mock, Duncan, Couch & Hendrickson, by Lawrence E. Hoecker, Oklahoma City, for petitioner.

Lampkin, Wolfe & Sokolosky, by Jerry D. Sokolosky, Oklahoma City, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

McINERNEY, Justice.

There is presented here for review an award of the State Industrial Court allowing the respondent, Glen Highfill, claimant below, ten per cent disability to the right leg. For convenience parties will be referred to as they appeared in the trial court. The sole question involved here for review is the sufficiency of the medical evidence to sustain the award.

Claimant prior to the alleged accident had a congenital disability consisting of a knot on his right knee, medically described as Osgood-Shotter's disease. He injured the knee while in junior high school and was required to wear a cast on his leg for approximately two months. On July 26, 1965, while working for the respondent as a "dock worker" claimant sustained a blow on his right knee requiring medical treatment. He worked irregularly from July 26, 1965, to September 20, 1965, and during this period of time was examined and received treatment by doctors selected by his employer and also doctors of his own choice. At the trial on October 6, 1965, claimant testified that his right knee hurts when he stands on his leg or bends his knee and this pain radiates down the leg towards the ankle and up the leg towards the hip.

Dr. M, claimant's doctor, in his report found the claimant to have a disability of 20% to his right leg as the result of a loosening of a bony fragment in the right knee and bruising of the knee. On cross-examination he testified that he could not state with certainty that the loosening was caused by the accident but concluded that the looseness was precipitated by the blow.

Dr. Y examined and treated the claimant at his request from August 31, 1965, to October 18, 1965. He testified that claimant's congenital disability was in arrest at the time of the accident but became painful when the knee was injured. He treated the knee by making injections with little results. He recommends that surgery be performed to remove the bony fragment in the knee and finds the claimant to be entirely disabled from the performance of manual labor until his injuries are corrected by surgery.

Respondent submitted in evidence the reports of two orthopedic surgeons, Drs. B and F. Dr. B in his first examination found the claimant to have a slight tenderness in the knee where it was struck. He found the claimant to have sustained "a simple contusion to his knee" which in his opinion "will subside with time and exercise." In a later report he stated that he did not believe that claimant "has any permanent disability as a result of his injury." Dr. F found the claimant to have "no permanent disability" as the result of his injury and "capable of performing ordinary manual labor."

■ The evidence regarding the amount of permanent disability claimant sustained to his leg is conflicting. Both parties introduced the testimony of competent medical experts on this subject. The trial court resolved this issue in favor of the claimant and the award entered is supported by competent medical evidence. It is not the province of this court to weigh the evidence to determine where the preponderance lies. Rush Implement Co. v. Vaughn, Okl., 386 P.2d 177; Wade Lahar Construction Co. v. Howell, Okl., 376 P.2d 221; Sunray Mid-Continent Oil Company v. Hoover, Okl., 360 P.2d 710.

The award of the State Industrial Court is sustained.

All the Justices concur.