LEE WAY MOTOR FREIGHT, INC., and its Insurance Carrier, Transport Insurance Company, a Corporation, Petitioners,

v.

Glen HIGHFILL and State Industrial Court, Respondents.

No. 41864.

Supreme Court of Oklahoma.

June 13, 1967.

See, also, Okl., 429 P.2d 748.

Pierce, Mock, Duncan, Couch & Hendrickson, by Lawrence E. Hoecker, Oklahoma City, for petitioners.

Lampkin, Wolfe & Sokolosky, by Jerry D. Sokolosky, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

McINERNEY, Justice:

There is involved here an appeal by petitioners from an award of the State Industrial Court allowing the respondent Glen Highfill, claimant below five per cent disability to the body as the result of an injury to his left shoulder. Parties will be referred to as they appeared in the trial court.

Respondent's sole contention on appeal is that the medical evidence is insufficient to sustain the award.

Claimant while working for the respondent as a "dock worker" on May 10, 1965, was assisting other co-worker loading truck tires on a truck. In the loading operations claimant was thrown against the truck-trailer sustaining injuries to his left shoulder. He returned to work on May 24, 1965. On July 26, 1965, claimant sustained a second injury to his left knee. His compensation claim for this second injury is now before this court in case 429 P.2d 748. Claimant worked irregularly from July 26, 1965, to September 20, 1965. On October 6, 1965, the date of the hearing of the present claim he was working at his regular employment for respondent.

Claimant testified he is still having trouble with his left arm and shoulder; that the muscle in the shoulder blade stays sore and he has pain when he attempts to lift his arm over the shoulder.

Claimant was examined by Dr. M, a doctor of his own choice, on August 26, 1965. In his report submitted in evidence Dr. M finds that "the injury to the left shoulder has resulted in a chronic synovitis involving the rotator cuff of the shoulder which results in restricted range of motion" and claimant "may be expected to have recurrences of painful symptoms from heavy use of the joint." He found the claimant to have a permanent partial disability of 10 per cent to the left shoulder as the result of injuries sustained in the accident. He testified that claimant had no injuries to the

bones of the shoulder but there was restriction in the range of movement of his arm and when the arm was rotated there was a grating movement which could be ascertained from the outside by feeling the arm and shoulder.

On cross-examination Dr. M admitted that he was compelled to rely on the history furnished by the claimant in determining if claimant's injury was caused by the accident. He also admitted that "it would be possible" for claimant's condition to have improved from the date of his examination on August 26, 1965 and the date of the trial on October 6, 1965, but he "would not expect very much change."

Dr. F examined the claimant on two occasions at the request of the respondent. In the report of his first examination made on May 20, 1965, Dr. F states that claimant complains of soreness and tenderness in the upper back and left shoulder area as the result of his injuries. Claimant told him the shoulder had been injected by his family physician. Dr. F injected claimant's left shoulder with Hydro-Cortisone which apparently afforded the claimant relief. He stated that he believes "the patient will make a rapid and uneventful recovery from this injury without permanent disability." Dr. F again examined the claimant on September 20, 1965. In his report he states that claimant is still complaining of having difficulty with his left shoulder and of soreness and tenderness in the shoulder area. Dr. F found the claimant to have full range of motion in the left shoulder without muscle spasm or "neurological or circulatory findings." He states that in his opinion claimant "has no permanent disability for the performance of ordinary manual labor as the result of the accident he states he sustained to his left shoulder."

As stated by respondents, the only issue was that of permanent partial disability to the claimant's left shoulder. Respondents contend that the finding of disability was based on incompetent medical testimony, arguing that the medical opinion was not made with "reasonable medical certainty."

Respondents cite Garr-Wooley Oil Co. v. Yeargin, Okl., 355 P.2d 410, and G. T. Harvey Co. v. Steele, Okl., 347 P.2d 802, in support of this proposition. In these two cases, the medical opinion failed to connect the disability complained of with an accidental injury as contemplated by the Workmen's Compensation Act. In the instant case, the only issue, as stated above, is the extent of the disability incurred by the accidental injury.

Both parties introduced the testimony of competent medical experts on this subject. The trial court resolved this issue in favor of the claimant and the award entered is supported by competent medical evidence. It is not the province of this court to weigh the evidence to determine where the preponderance lies. The trial tribunal is the sole and ultimate arbiter for determining the credibility of medical witnesses and the weight to be accorded to their testimony. Rush Implement Co. v. Vaughn, Okl., 386 P.2d 177; Wade Lahar Construction Co. v. Howell, Okl., 376 P.2d 221; Sunray Mid-Continent Oil Company v. Hoover, Okl., 360 P.2d 710.

In Sunray Mid-Continent Oil Company v. Hoover, supra, we said:

"Both parties introduced competent expert testimony in support of their divergent theories. The trial tribunal resolved the disputed issue adversely to the employer * * * It is neither the duty nor the province of this Court to weigh the evidence in order to ascertain where the preponderance lies."

In passing on the probative value of a doctor's testimony in Rush Implement Co. v. Vaughn, supra, we said:

"We have repeatedly held that a physician does not have to give testimony categorically, but that the general tenor and intent of such testimony is the controlling consideration."

The medical testimony, although in conflict as to the amount of disability, is undisputed that the injuries were to the left shoulder. We held in Tidal Oil Co. v. Bol-

ton et al., 153 Okl. 20, 4 P.2d 736, 738, that a "permanent injury to a clavicle bone and shoulder is a permanent partial disability falling within 'Other Cases' as defined by Subdivision 3, section 7290, C.O.S.1921" (now 85 O.S.1961, § 22). The percentage of disability, if any, must therefore be determined under the "other cases" provision of 85 O.S.1961, § 22. Claimant is not required to establish a loss of wage earning capacity. L. E. Jones Drilling Company v. Harris, Okl., 403 P.2d 497; Service Pipe Line Company v. Cargill, Okl., 289 P.2d 961; E. I. Dupont De Nemours & Co. v. Spencer, 195 Okl. 300, 157 P.2d 186.

The award of the State Industrial Court is sustained.

All the Justices concur.