Helen E. HILLS, Petitioner,

v.

H. J. JEFFRIES TRUCK LINE, Transport Insurance Company, and State Industrial Court, Respondents.

No. 42499.

Supreme Court of Oklahoma.

Sept. 17, 1968.

Harry V. Rouse, Tulsa, for petitioner.

Ross, Holtzendorff & Bond, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here for review an order of the State Industrial Court denying the claimant death benefits for the death of her husband under the provisions of the Oklahoma Workmen's Compensation Act. Parties will be referred to as they appeared before the State Industrial Court.

Claimant's husband died as the result of a heart attack.

The pertinent portions of the order of the trial court denying the claim are as follows:

" * * * the evidence failed to show that the deceased died as a result of an accidental injury sustained in the course of his hazardous employment, and claimant's claim should therefore be denied. "IT IS THEREFORE ORDERED that claimant's claim is denied."

The sole contention urged by the claimant is that the order entered by the State Industrial Court denying her claim is too indefinite and uncertain for judicial interpretation.

The order here is quite similar to the orders entered denying claims for compensation in Bailey v. Metropolitan Paving Co., Okl., 441 P.2d 385, and Howland v. Doug-

**412**

las Aircraft Company, Okl., 438 P.2d 5. The order appealed from in the Bailey case reads:

"That claimant did not sustain an accidental personal injury arising out of and in the course of his hazardous employment with respondent as alleged in his form 3, and claimant's claim should be denied.

"It is therefore ordered that claimant's claim is denied."

In the Howland case the order reads:

" * * * that claimant 'did not suffer an accidental personal injury arising out of and in the course of his hazardous employment with respondent.' "

We held in each case that the orders entered were sufficiently definite to apprise the claimant of the reasons for denying the claim and sufficiently definite for judicial interpretation.

The case of Griffin v. Flint Steel Corporation, Okl., 405 P.2d 63, is analogous to the present case. There the claimant contended that he received a heart disability as the result of his being subjected to unusually strenuous work. The trial court in denying the claim made a finding that "claimant's claim is denied as claimant did not have an accidental injury as alleged."

In affirming the case we said:

"The primary issue was whether claimant sustained an accidental injury arising out of and in the course of his employment. * * * since the court made the finding that it did, to-wit: that the claimant did not have an accidental injury as alleged, it was unnecessary that it go further and make additional findings. The finding made was sufficient to dispose of the main issue presented.

* * * * * *

"We feel in the present proceeding that the finding is clearly responsive to the decisive issue presented and it is not too indefinite and uncertain for judicial interpretation and is sufficient for this court to properly review the matter."

 In the present case the finding made by the State Industrial Court is sufficient to dispose of the main issue presented. The "reason for denying the claim becomes evident from an examination of the evidence produced at the trial." This is all that was necessary. Howland v. Douglas Aircraft Company, supra. Claimant does not argue here the sufficiency of the evidence to sustain the order.

The order of the State Industrial Court denying the claim is affirmed and sustained.

All the Justices concur.