**YAHOLA SAND AND GRAVEL COMPANY and National Surety Corporation, Petitioners,**

**v.**

**Estelle NUTT and the State Industrial Court, Respondents.**

**No. 43037.**

Supreme Court of Oklahoma.

March 11, 1969.

J. R. Settle, Rhodes, Hieronymus, Holloway & Wilson, Muskogee, for petitioners.

Don Pearson, Garrett & Pearson, Muskogee, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is involved here for review an order of the State Industrial Court, sitting en banc, affirming an award entered by the trial judge allowing the respondent, Estelle Nutt, claimant below, death benefits under the provisions of the Oklahoma Workmen's Compensation Act for the death of her husband, Cobie Nutt. Parties will be referred to as they appeared before the State Industrial Court. Deceased, Cobie Nutt, will be referred to as "deceased".

Deceased sustained fatal injuries on October 24, 1967, while working as a laborer and operator for the respondent at its plant in Muskogee County, Oklahoma.

█ A fellow workman testified that a conveyor belt extends upward from the plant at approximately forty-five degrees. It is sometimes necessary to climb up the conveyor to a catwalk approximately twenty-five feet above the ground for the purpose of adjusting it. The wind was blowing hard on October 14. About the middle of the afternoon he saw the deceased going up the conveyor belt with a hammer in his right hand and holding onto the rail on the conveyor with his left hand. It required a lot of strength to climb the conveyor belt particularly on a windy day. He saw the deceased fall from the conveyor to the ground head first. He rushed over to the deceased, but the deceased was unconscious and did not say anything to him. About five or ten minutes later the deceased died without being moved. He said the deceased had not complained of illness or sickness during the day.

The body of the deceased was examined by Dr. M. No autopsy was performed. After the facts surrounding the accident had been outlined to him, Dr. M. testified that the cause of the deceased's death could have been a fractured skull, an intracranial hemorrhage, a severance of the spinal cord, or a heart attack causing him to fall. Dr. M. had treated deceased prior to the accident and he had "previous complaint of heart disease". In signing the death certificate Dr. M. stated "a myocardial infarction" as being the cause of death. He testified that he based his conclusion on the fact that he had previously treated the deceased for heart complaints and if the heart attack caused the death of the deceased the attack was precipitated by the strenuous work the deceased was doing at the time of his fall. The doctor further testified that if the deceased's death was caused by a broken neck, fractured skull, brain hemorrhage or severed spinal cord, these injuries were caused by the fall.

The sole contention presented by respondents in seeking a vacation of the award is that the evidence is insufficient to establish that the death of the deceased resulted from injuries sustained in the course of his employment. We find no merit in this contention.

The deceased was an able working man on the day of the accident. He fell while working from a height of twenty-five feet, struck his head on the ground and died within a few minutes. We deem it immaterial as to whether his fall resulted from having a sudden heart attack, a dizzy spell or being thrown from the catwalk by the strong wind. The examining doctor testified that if the deceased sustained a heart attack causing his fall the strenuous work he was doing would have precipitated the attack. If he died as the result of a brain hemorrhage, a severed spinal cord or a broken neck as suggested by the examining doctor there can be no other explanation than that he received these injuries when he fell and struck his head.

It is often difficult for a doctor to categorically testify, without benefit of an autopsy, the precise cause of death. For that reason, absolute certainty is not required. Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 745. In this instance, the doctor did testify with sufficient certainty that the cause of death of the deceased was from one of four alternatives. There is competent evidence to show that any one of the alternatives causing his

death arose out of and in the course of his employment.

■ Where the finding of the State Industrial Court is supported by reasonable and competent evidence, an award based upon such finding will not be disturbed by this court on appeal. Baker v. Harris, Okl., 302 P.2d 129.

Award sustained.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.