**BLUE BELL, INC., a corporation, and Liberty Mutual Insurance Company, Petitioners,**

v.

**Melba OWENS and the State Industrial Court, Respondents.**

**No. 43608.**

Supreme Court of Oklahoma.

Jan. 13, 1970.

A. G. Crowe, Oklahoma City, for petitioners.

Dick Bell, Frank Seay, Seminole, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding to review an order of the State Industrial Court sitting en banc, affirming an award of the trial judge allowing respondent Melba Owens, claimant below, compensation benefits under the provisions of the Oklahoma Workmen's Compensation Act.

Parties will be referred to as they appeared before the State Industrial Court. Respondent is engaged in the business of manufacturing and processing clothing. It operates a plant for the conduct of such business at Seminole, Oklahoma.

It is admitted that such business is hazardous within the provisions of 85 O.S. 1961, § 2 (as amended in 1967) and § 3 of the Oklahoma Workmen's Compensation Act, and that claimant was employed by respondent as a filling machine operator in such business on November 22, 1968.

The State Industrial Court awarded the claimant temporary total compensation and directed the respondent to furnish her additional medical care and treatment.

Respondent's principal contention on review is that the evidence is insufficient to establish that the claimant sustained a compensable injury while employed and working for the respondent.

Claimant testified as follows: Her work consisted of operating a filling sewing machine and sewing together the front and back portions of Levi pants. She went to work on the date of the accident (November 22, 1968) at about 7 o'clock A.M. At approximately 10 o'clock A.M. of said day she had completed sewing of approximately 40 pairs of pants. She tied the pants into a bundle and as she was attempting to lift the bundle to a rail over her head, fell backward striking her upper back and shoulders on her work stool. She experienced pain and sat down on her work stool where she remained sitting until the lunch break which occurred about 11:30 A.M. At the lunch break she left the building, went to her car and laid down in the front seat. She began to feel better and went home where she went to bed and remained in bed two weeks. Se did not return to work for the respondent.

Claimant testified that the accident occurred in the presence of her supervisor and two other workers. All three saw her fall. Her supervisor was standing close and she told her she was hurt. The supervisor did not send her to first aid or a doctor. She requested medical treatment. The supervisor left and went to the office.

The supervisor and two fellow workers testified as witnesses for respondent. Each testified that they were in position to see the claimant fall, if she fell. All testified that claimant did not fall and did not complain about having been hurt by falling.

The supervisor testified that claimant completed the work on about seven pairs of pants during the morning, not enough for a bundle. She (the supervisor) completed a sufficient number to make a bundle after the claimant left. The claimant did not lift or attempt to lift any bundles while working during the day. Claimant did not report to her the occurrence of an accident, did not complain of injuries, and did not request medical attention.

■ The evidence relating to the occurrence of the accident is sharply conflicting. The trial court decided the issue in favor of the claimant. Its finding is supported by competent evidence and is binding on this court. 85 O.S.1961, § 26; Yahola Sand & Gravel Company v. Nutt, Okl., 451 P.2d 954; Sunray Mid-Continent Oil Company v. Hoover, Okl., 360 P.2d 710.

Respondent further contends that the award of the trial court is not sustained by sufficient competent medical evidence. Here again the evidence is conflicting.

Claimant submitted in evidence the medical report of Dr. M. Dr. M examined the claimant on January 28, 1969. He states in his report:

"It is my opinion that Mrs. Owens did sustain injury to her upper back as a result of her accident. She continues to have a great deal of pain and suffering and she is in need of further treatment. She should be re-examined after a period of six or eight weeks after receiving treatment."

Respondent submitted in evidence the medical report of Dr. B. Dr. B examined the claimant at the request of respondent

on January 23, 1969. He states in his report:

"By history this patient sustained simply muscular contusion. There is no evidence of fracture, dislocations, disc injury or other significant lesion at this time.

"It is felt that she has had adequate time for soft tissue healing of this minor contusion and that no treatment is indicated at this time. It is felt that she should be on normal activity and has no permanent impairment associated with this."

The award of the State Industrial Court is supported by reasonable competent medical testimony. The credibility and weight to be given the testimony of medical witnesses is for the State Industrial Court. We will not disturb its finding if supported by reasonable competent evidence. Gregory and Gregory Construction Co. v. Naylor, Okl., 460 P.2d 429; In re Loague (Loague v. Watson & Watson), Okl., 450 P.2d 492; Lee Way Motor Co. v. Highfill, Okl., 429 P.2d 748.

The record is free of fundamental errors. The award of the State Industrial Court is supported by reasonable competent evidence. It is sustained.

All Justices concur.