John CASSIDY, Jr., d/b/a Cyclone Well Servicing, Petitioner,

v.

Gary L. NOE and the State Industrial Court of the State of Oklahoma, Respondents.

No. 43377.

Supreme Court of Oklahoma.

May 5, 1970.

Rehearing Denied July 28, 1970.

Richard James, James & Butts, Stroud, for petitioner.

Sellers & O'Neal, Sapulpa, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

Parties will be referred to as they appeared before the State Industrial Court. Claimant on the 9th day of November, 1967, was working for the respondent in the operation of a well pulling unit in connection with the servicing of an oil well in Lincoln County, Oklahoma.

The trial judge entered an award allowing the claimant a permanent disability of five per cent to the body as a whole. The award of the trial judge was affirmed by the State Industrial Court, sitting en banc. Petitioner, respondent below, in his petition for review contends that the award and order is not supported by reasonable evidence and is contrary to law.

Claimant testified as follows: He was attempting to load a set of elevators on a truck. He twisted his back and felt a sharp pain in the lower part of his back. He finished the day's work. A fellow employee testified that the claimant made no complaint to him of having been injured on November 9, 1967.

On cross-examination claimant admitted that prior to the date of the alleged accident he had several industrial claims against other parties and in 1966 received a settlement based on ten per cent permanent disability to his back in an industrial case.

Respondent in arguing the insufficiency of the evidence stresses the fact that claimant has presented to the State Industrial Court three prior industrial claims seeking compensation for industrial injuries. These are factors to be considered by the trial court in its discretion in determining the credibility of the claimant as a witness, also the merits of the claim. They are not to be considered by this court as of crucial importance in reviewing the case on its merits. 85 O.S.1961, § 22(6); New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107; Amerada Petroleum Corporation v. Cook, 152 Okl. 98, 3 P.2d 667.

Claimant testified that the morning after the accident he had pain in his back and was unable to work. He went to Dr. Jon for treatment. He was examined by Dr. Jon and was treated for several months by Dr. M, a partner of Dr. Jon. He reported the accident to respondent within about five days after it occurred. Respondent approved the treatment by Drs. Jon and M. He did not return to work for respondent but commenced working for other parties about three months after the alleged accident.

Dr. M in his report of his treatment of the claimant states that if the claimant sustained a disability it was mild in the nature of temporary low back strain and in his opinion claimant has "no permanent partial disability as a result of this injury."

Dr. F who examined the claimant on August 27, 1968, at the request of the respondent finds in his written report that claimant "apparently sustained a lumbo-sacral strain injury" in the alleged accident but in his opinion claimant sustained "no permanent disability for the performance or ordinary manual labor as the result of the accident he states he sustained in his lower back."

Dr. Jon, who examined the claimant at claimant's own request, in his written report states:

"* * * Back examination reveals a marked degree of tenderness along the lumbar muscles and especially in the lumbosacral junction. Any attempts at flexion is restricted and he is unable to bend forward fully. Bending backward is normal. Rotation is normal. Straight leg raising does elicit pain in the lower lumbar area.

* * * * * *

"It is my impression that as a result of the injury he has sustained which is a lumbodorsal sprain that he should of had additional therapy at the time. It is my opinion that he will continue to have back pain and distress. He has definite disability which I estimate at 15% partial permanent disability to the body as a whole."

Respondent contends that the findings of Dr. Jon are based entirely on the history furnished by the claimant which is inaccurate, incomplete and possibly in some instances false.

The record reflects that the findings of Dr. Jon were not predicated entirely on the history furnished by the claimant. Dr. Jon gave the claimant a complete physical examination testing his muscles and reflexes. X-rays were made.

The history furnished by the claimant coincides with his testimony related at the trial.

Respondent particularly complains that the claimant did not tell Dr. Jon about his being paid a disability of ten percent to the back for the injury sustained in 1966. Claimant did tell him about having sustained the injury in 1966 but that he recovered from the injury and returned to work. This is in accord with the admitted facts.

"It is not absolutely essential that the history given to a medical witness include all the facts the evidence tends to prove." Big Four Cold Storage v. Shanks, Okl., 411 P.2d 546; Patterson Steel Company v. Stevens, Okl., 408 P.2d 782; Black, Sivalls & Bryson v. Rhone, 197 Okl. 347, 170 P.2d 538.

The facts furnished by the claimant to Dr. Jon along with the physical examination are sufficient to sustain the conclusion of Dr. Jon that claimant sustained a disability of fifteen per cent to his back as the result of injuries sustained in the alleged accident.

There is a sharp conflict in the medical evidence but the award of the State Industrial Court is supported by reasonable competent medical evidence. The credibility and weight to be accorded the testimony of medical witnesses is for the State Industrial Court and its findings supported by reasonable competent evidence are binding on this court. Blue Bell, Inc. v. Owens, Okl., 463 P.2d 969; Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 745.

The testimony of the claimant that while loading a set of elevators he twisted his body and injured his back, corroborated by medical testimony, although sharply conflicting, is sufficient to sustain the finding of the State Industrial Court "that claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the respondent."

We have held that where the evidence, although conflicting, on a contested question of fact is sufficient to sustain the findings of the trial tribunal, such findings are binding on this court and will not be disturbed on appeal. 85 O.S.1961, § 26; Blue Bell, Inc. v. Owens, supra; Howland v. Douglas Aircraft Company, Okl., 438 P.2d 5; Yahola Sand & Gravel Company v. Nutt, Okl., 451 P.2d 954.

Award sustained.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.

HODGES, J., dissents.