**THOMAS CONCRETE PRODUCTS and Hardware Mutual Casualty Co., Petitioners,**

v.

**Percy J. ROBINSON and the State Industrial Court, Respondents.**

**No. 44209.**

Supreme Court of Oklahoma.

June 8, 1971.

Ben A. Goff, Oklahoma City, for petitioners.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for respondents.

DAVISON, Vice Chief Justice.

There is presented here for review an order of the State Industrial Court, sitting en banc, modifying the order entered by the trial judge and awarding the respondent, Percy James Robinson, claimant, twenty per cent disability to the body as a whole. Parties will be referred to as they appeared before the State Industrial Court.

The trial judge awarded the claimant thirty per cent disability to the left eye under the specific provision for loss of an eye. 85 O.S.1961, § 22. The amount of the award is not contested and it is sustained by competent medical evidence.

The State Industrial Court, sitting en banc, modified the award of the trial judge and awarded the claimant twenty per cent disability to the body as a whole under the "other cases" provision of 85 O.S.1961, § 22.

There is little or no conflict in the facts. Claimant, while employed as a laborer for the respondent on May 22, 1969, was struck in the left eye by a flying piece of rock.

The blow did not damage the eyeball but caused a severe cut in the lower lid of the left eye. A doctor sutured the cut leaving a scar running from the outer edge of the lower lid horizontally throughout the entire length of the lower lid and then upward at the margin of the nose. It ran through the canaliculi or tear ducts of the eye causing these ducts to be stopped up. The function of the canaliculi is to drain the tears from the eye into the tear sac. The tear sac then drains through the nasal lacrimal duct into the nose and the tears and moisture are dispelled through the nose.

The doctors explained that the only repair affording permanent relief was to insert a glass or plastic tube in the nose to remain in place indefinitely. It would be necessary to remove the tube each month for cleaning. This process would quite likely require the services of a doctor.

The doctors agreed that the stoppage in canaliculi would cause the tears to accumulate in the eye, become stagnant and in some instances cause infection. It would be necessary for claimant to frequently wipe the tears from his eye with a handkerchief or towel.

Claimant testified: that since the accident he has been required to wipe the tears from his left eye many times each day and has had irritation in his eye. The tears from the eye have run down his cheek. On some occasions the flow of tears was sufficient to prevent his working. His vision is impaired when the tears accumulate in his eye.

Claimant's doctor L testified that on one occasion he prescribed eyedrops and advised the claimant to use the drops for three weeks to clear up the superficial infection in his eye.

Claimant's doctor L testified that claimant has a disability of twenty per cent to the body as a whole. He makes no estimate of the disability solely to the left eye.

Claimant's counsel, citing Lee Way Motor Freight, Inc. v. Highfill (Okl.1967), 429 P.2d 748, and other cases, argue that the case presented here is similar to cases where the disability was to the hip or shoulder and we held an award for a percentage of disability to the body as a whole was proper. The cases are clearly distinguishable. In the cases cited the disability was in part to the hip and shoulder. In the present case the disability is confined solely to the left eye and no other portion of the body is affected by the injuries to the eye.

The damaged canaliculi are a part of the eye. Dr. L testified that they are within 3 cc of the eye itself.

■ We have held that where the disability is confined to a specific scheduled member of the body as defined in 85 O.S. 1961, § 22, the award must be confined to scheduled benefits and may not be entered for a percentage to the body as a whole under the "other cases" provisions. Douglas Aircraft Co. v. Hartwig (Okl.1956), 302 P.2d 972.

■ We have also held that in determining the percentage of disability to the

eye the court is not restricted to loss of vision sustained by injury to the eyeball but may consider loss of vision sustained as the result of injuries to the lids and other portions of the eye. Special Indemnity Fund v. Fellows (Okl.1953), 261 P.2d 899.

The award of the State Industrial Court sitting en banc is vacated with directions to reinstate the award entered by the trial judge.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, LAVENDER and McINERNEY, JJ., concur.