
521 P.2d 602

**The STATE of Arizona, Appellee,**

v.

**Richard F. TAFOYA, Appellant.**

**No. 2801.**

Supreme Court of Arizona,
In Banc.

April 24, 1974.

Gary K. Nelson, Atty. Gen., by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Stanfield, McCarville, Coxon & Ishmael, by A. Thomas Cole, Casa Grande, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the charge of prisoner in possession of deadly weapon, § 31–232 A.R.S., and a sentence thereon of not less than five nor more than six years in the Arizona State Prison to commence at the termination of the sentence being served at the time of the offense.

The defendant contends on appeal:

1. The conviction was obtained in violation of due process of law;

2. Defendant was unconstitutionally denied access to law books necessary for an adequate preparation of his defense;

3. Defendant was denied discovery of documents necessary for an adequate defense; and

4. The filing of the charge constituted an unconstitutional discriminatory enforcement of the law.

The facts necessary for a determination of this matter on appeal are as follows. Defendant, a prisoner at the Arizona State Prison, and another prisoner, Charles Louis Lott, were involved in an altercation in the mess hall of the Arizona State Prison on 10 September 1972. As a result of the altercation, the defendant was hit on the head with a serving tray which resulted in a slight cut over the eye on the forehead, and Charles Louis Lott suffered a knife wound in the rib cage. As a result of the said altercation, the defendant was, on 14 September 1972, charged with the crimes of assault with a deadly weapon, Count I, and prisoner in possession of a deadly weapon, Count II. A preliminary hearing was held on 28 September 1972 at which time the defendant was held to answer. At arraignment in the Superior Court, the attorney previously appointed to

represent the defendant asked to be relieved because of the failure of the defendant to cooperate, and the defendant requested that he be allowed to represent himself. An attorney, Leonard H. Sowers, was appointed to advise Mr. Tafoya during the trial. The defendant acted as his own attorney for the purposes of presenting motions and conducting the trial. The jury found him not guilty of assault with a deadly weapon, but guilty of the crime of prisoner in possession of a deadly weapon from which defendant appeals.

## VIOLATION OF DUE PROCESS OF LAW

■ The defendant first contends that the conviction appealed from was obtained in violation of due process of law and should be set aside. The defendant contends that the record shows a consistent pattern of denial of Mr. Tafoya's substantial procedure rights.

Defendant cites no specific example wherein the defendant was denied due process in his trial and conviction, but insists that the "constant refusal disclosed by the record to accord a felon his rights to due process of law" is grounds for reversal. We have read the record of the trial and we do not feel that defendant was denied due process of law in his trial. It would appear that the trial judge was most careful to insure that the defendant was granted a fair trial.

The State's case was based upon the testimony of two prison guards. The victim was not called by the State, but was made available for the defendant, and the victim refused to testify whether or not it was the defendant who actually assaulted him. Other witnesses were made available for the defendant, and the defendant was allowed wide latitude without objection in examination, cross examination, and statements to the jury. It is noted that the jury did return a verdict of not guilty as to the charge of assault with a deadly weapon. We find no denial of due process in the conviction.

## DENIAL OF ACCESS TO LAW BOOKS FOR ADEQUATE PREPARATION OF DEFENSE

■ The testimony indicated that the practice at the Arizona State Prison was to hold a prisoner in isolation pending outcome of a trial of this type. This was done to the defendant and he was unable to mingle with the general prison population or use the prison library. The record indicates, however, that the county attorney did provide for the defendant law books and portions of the code necessary to assist in his defense. Mr. Brash, in opposition to defendant's motion, stated without opposition:

> "MR. BRASH: First, those pamphlets he got, they were '71 pocket parts. I sent them to him personally, and I think I asked you, your Honor, for the five old codes. I sent that to him. The prison didn't do it, I did it myself. Thirdly, or, secondly, rather, I was told—now he can correct me if I am wrong, that on October 16th he was given a chance to get in segregation. He refused because his lawyer here was next door or something like that."

We have stated:

" * * * A person has the right to represent himself but he does not have the right to expect that his representation will be effective. Indeed, experience shows that just the opposite is more likely to be the case. In addition, there are physical limitations that necessarily follow when the defendant is held in custody pending trial. * * *" State v. Yanich, 110 Ariz. 172, 176, 516 P.2d 308, 312 (1973).

In the instant case, the defendant could have benefited from the services of an attorney. He refused because as he stated:

> "So that's when I asked to represent myself for the reasons—I don't think I stated reasons—but my reasons were that I figured if I can represent myself I will be released from isolation and have access to a law library and I will seek witnesses for my defense and other infor-

mation that I needed to prepare for trial which my attorney can't go to the prison up there and look for Joe, which I know a few witnesses by the first names and not their last names and numbers. And I am kept from seeking them because I am in isolation. So my request was granted to represent myself."

We find no error.

## DENIAL OF DISCOVERY DOCU- MENTS NECESSARY FOR PREPA- RATION OF DEFENSE

 Defendant contends that he was denied certain documents with which to prepare for the trial.

The defendant moved for statements of all witnesses. Under the Rules of Criminal Procedure in effect at that time, the defendant was not entitled to these statements before trial. State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 411 (1968).

The following took place on the motion to produce:

"MR. BRASH: He wanted the statements of all the witnesses that the State would or would not call regardless of who they are. Under the law he is not entitled to statements of witnesses.

"THE COURT: Yes. That motion will also be denied. I assume since he is acting as his own attorney he will have access to a copy of the preliminary hearing transcript will he not?

"MR. BRASH: I think he is entitled to it.

"THE COURT: Do you want that, Mr. Tafoya?

"MR. TAFOYA: I don't want a goddam thing from here."

We find no error.

## THE CHARGES CONSTITUTED UN- CONSTITUTIONAL DISCRIMINA- TORY ENFORCEMENT

The defendant contends that he had been unconstitutionally singled out by the administration of the Arizona State Prison to be prosecuted for the crime of prisoner in possession of a dangerous weapon. His defense is based on the allegation that "80% of the inmates at the Arizona State Prison have knives and other dangerous weapons in their possession," and to charge him with such an offense and not the others discriminates against him. Also, he urged in his pretrial motion, that other inmates engage in fights to protect themselves and are not prosecuted. He does not urge this on appeal since he was acquitted of the charge of assault. The defendant was unable to support his allegations that 80% of the prisoners possess knives. Even if he did, however, the offense is a violation of the Arizona statute, and the State was correct in prosecuting him for that once it became apparent that he was carrying the knife.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.