**ALLIED STEEL CONSTRUCTION CO. and
Insurance Company of North America, Petitioners,**

v.

**Dorris HOUSE and the State Industrial
Court, Respondents.**

No. 47328.

Supreme Court of Oklahoma.

March 25, 1975.

Watts, Looney, Nichols, Johnson & Hayes by H. W. Nichols, Jr., Oklahoma City, for petitioners.

Carl E. LeForce, Idabel, for respondents.

HODGES, Vice Chief Justice.

This proceeding seeks review of a single issue, whether a trial judge's order, awarding compensation for permanent partial disability resulting from accidental injury received in course of covered employment, is supported by competent medical evidence.

Dorris House (claimant), was injured January 31, 1973, when he fell while engaged in welding a steel beam. He was taken to an Idabel hospital, then transferred to Colom & Carney Clinic in Texarkana, Texas, for hospitalization and treatment of multiple fractures by Dr. H. Petitioners, Allied Steel Construction Co. (Allied), and Insurance Company of North America (INA), furnished medical attention and paid temporary total compensation for 21 weeks, until it was discontinued under Form 16.

The case was heard for determination of permanent partial disability. Claimant presented a medical report of Dr. C. Examination was based upon history of injury, including disclosure of a childhood injury to right wrist, and 1951 chip fracture of the right acetabulum. There had been

complete recovery from these injuries. Physical and X-ray examination of claimant related to the injury to claimant's right hip, left shoulder, and both wrists. The physician found both wrists stiff; left shoulder stiff a "frozen shoulder" with outward and upward movements accomplished by scapula compensation; right hip painful and limited in movement, although no leg shortening. Analysis and evaluation of medical findings stated:

"X-rays through the right wrist show an old ulna styloid fracture. I don't know whether it came from childhood or the one in 1973. The left wrist shows no injury. The left shoulder shows two calcium deposits lateral to the shoulder joint at the upper humerus. The hips are negative now so whatever fracturing had been in the region of the acetabulum is so well that the X-rays do not reveal now.

CONCLUSION: This man has suffered multiple injuries. He has made a poor recovery. He is not improving. He cannot walk without a cane. In my opinion he has become permanently and totally disabled as a result of the injury of January 1973."

The trial judge's order October 10, 1973, awarded compensation for 50% permanent partial disability to body as a whole as result of injury to claimant's left shoulder and right hip. The order further found claimant has sustained no permanent partial disability to either wrist. On appeal to State Industrial Court en banc this order was vacated and the cause remanded to the trial judge for taking of further medical evidence.

On December 13, 1973, Dr. C. responded to request for division of disability resulting from multiple injuries. This report stated claimant had recovered from prior injuries mentioned, and permanent total disability resulted entirely from the job related injury received in January, 1973.

Pursuant to another request to divide disabilities from each of the several injuries Dr. C. again reported (January 7, 1974) claimant had recovered from the childhood wrist injury, and 1951 hip injury without any disability. He reported that the entire permanent partial injury resulted from the injury of January 31, 1973, as follows:

"The right leg is 50% disabled.

The right hand is 20% disabled from the wrist injury.

The left arm is 30% disabled from the frozen shoulder.

The left hand is 20% disabled from the last injury."

He stated because of all injuries claimant was permanently and totally disabled.

At a further hearing (February 7, 1974) only Allied and INA offered additional medical evidence. On December 13, 1973, claimant was examined by Dr. B. on respondents' behalf. His examination showed: full motion and no deformity of wrists, other than old ununited ulna styloid of the right wrist; neither wrist nor the left shoulder showed evidence of fracture; the right hip was normal and showed nothing which could be interpreted as residual of any fracture of hip joint and, if a fracture had occurred it had healed perfectly. Neither examination nor X-ray indicated claimant suffered serious injury, and muscle weakness of right hip resulted from protection, by use of crutches, etc. Dr. B.'s opinion was that normal function would be restored by redevelopment of muscle strength, and claimant could return to work without any disability.

Allied and INA also offered an earlier report from the treating physician Dr. H., which reported no fractures were found. He stated that a gluteus medius limp on right leg would be corrected by strengthening exercises. He saw no reason why claimant could not resume regular work. He did not feel claimant sustained permanent partial disability from his injury.

On the second hearing on February 11, 1974, the trial judge found "the claimant had sustained 50% partial disability to his right leg; 20% permanent partial disability

to his right hand as a result of the injury to his right wrist; 30% permanent partial disability to the left arm as a result of the injury to his left shoulder; and 20% permanent partial disability to his left hand as a result of the injury to his left wrist, for a total of 80% permanent partial disability to his body as a whole.

Allied and INA contend this order is based upon indefinite, equivocal, ambiguous and inconsistent medical evidence, and therefore, is unsupported by competent evidence under the rule stated in Garr-Wooley Oil Co. v. Yeargin, 355 P.2d 410 (Okl. 1960). Also see Berryhill v. Prudential Prem. Co., 394 P.2d 520 (Okl.1964). It is pointed out that Dr. C.'s reports emanated from a single examination, and analysis of the substance of each report discloses recognizable inconsistencies. Neither did claimant's testimony at two hearings reflect any change in condition, between time of examination by Dr. C. and the last hearing at which Dr. C.'s third report was introduced.

The rule governing finality of State Industrial Court determination of fact questions from conflicting medical evidence concerning cause and extent of disability is settled; as is the rule which allows that court to determine degree of disability within range of competent medical evidence introduced. Tulsa Linen Service Co. v. Kroth, 512 P.2d 172 (Okl.1973); Cassidy v. Noe, 471 P.2d 459 (Okl.1970). The complaint, however, is that Dr. C.'s evaluations were not based upon re-examination, but simply were revisions of the initial report. In view of this, respondents insist claimant's medical evidence was so inconsistent and contradictory as to lack probative value. Sparks v. General Mills, Inc., 262 P.2d 155 (Okl.1953).

■ Recognizably there is substance to this argument. The pertinent portion of Dr. C.'s first report is set out above. This report stating claimant was permanently partially disabled, was the basis for the trial court's first order, which awarded compensation for 50% permanent partial disability to the body as a whole. That order found specifically claimant had not suffered disability to the wrists. The final order fixing permanent partial disability to each hand resulting from injury to the wrists, is based upon the final report, and clearly results from consideration of medical evidence which was both conflicting and contradictory of other medical evidence bearing upon the same injury. Adams v. Reed Roller Bit Co., 335 P.2d 1080 (Okl.1959).

■ An ancillary reason supports the argument concerning failure of claimant's medical evidence. The trial court's original order was vacated on en banc appeal, and the case was remanded to the trial judge for taking of further medical evidence. As mentioned, the only new or additional medical evidence was introduced by Allied and INA. Claimant offered only another revision of prior medical reports, based upon the same examination, which sought to enlarge extent of injuries to support the original medical evaluation of permanent partial disability. We are of the opinion remand for the purpose of taking additional medical evidence was intended to encompass more than a revision of medical testimony already presented. The order reviewed is not supported by medical evidence of probative value.

Award vacated and cause remanded without prejudice to further proceedings.

All Justices concur.