Lola P. NORTON, Petitioner,

v.

E. A. COWEN CONSTRUCTION CO., and Mid-Continent Casualty Company, Respondents.

No. 40455.

Supreme Court of Oklahoma.

April 21, 1964.

Dale J. Briggs, Tulsa, for petitioner.

Rogers, Donovan & Rogers, Tulsa, for respondents.

BERRY, Justice.

On August 30, 1961, Lola P. Norton, as surviving wife and dependent heir of Doyle C. Norton, deceased, filed a claim against E. A. Cowen Construction Company and its insurance carrier, Mid-Continent Casualty Company, for death benefits under the Workmen's Compensation Act. The claim alleged that Doyle C. Norton, on February 13, 1961, suffered an accidental injury consisting of a coronary thrombosis, due to strain and overexertion, causing his death on April 25, 1961.

The answer consisted of a general and specific denial and specifically denied that decedent sustained an accidental injury arising out of and in the course of his employment resulting in coronary thrombosis. Respondent further specifically denied that decedent's death was brought about or caused by strain or overexertion, or that his death was caused by, connected with, or in any manner due to employment with respondent.

The claim was heard by a trial judge of the State Industrial Court who found that decedent did not die as the result of an accidental injury arising out of and in the course of his employment. Upon such finding an order was entered denying the claim for compensation. On appeal to the Industrial Court en banc the order of the trial judge was upheld.

The principal issue with which we are here concerned is whether decedent's death arose out of an accidental injury or from causes unrelated to his employment. The claimant contends the worry and strain of

the requirements of the work in which decedent was engaged caused him to suffer a coronary thrombosis on February 13, 1961, which so weakened him that he contracted acute pneumonitis, from which he expired.

Claimant's brief presents many arguments and citations of authority from this and other jurisdictions directed to causal connection between accidental injury and and an employee's death. Such cases, in the main, hold that the injury need not be the sole cause of death to justify an award of compensation, but need only be a contributing or concurring cause.

We find no fault with the cases cited by claimant and are of the opinion they adequately state the law in relation to the facts in each particular case. However, we must point out that the crucial question here is this: Was the heart attack which decedent suffered on February 13, 1961, directly connected with his employment in the capacity of a job superintendent of respondent's construction project in Tahlequah?

It is unnecessary to present an extended discussion of the purpose of the Workmen's Compensation Law. Suffice it to say, the law was enacted to afford sure and certain relief to an employee or his dependents if the employee suffered accidental injury or accidental death arising out of and in the course of his employment. 85 O.S.1961 § 1 et seq. However, it is not the purpose of the Act to afford or permit every applicant to recover purely on a speculative basis.

■ The rule is well established that the burden of proof attaches to the one alleging that the injury suffered was received as the result of an accident arising out of and in the course of the employment, and it must be shown by competent evidence. Indian Territory Illuminating Oil Co. v. Lewis, 165 Okl. 26, 24 P.2d 647.

The evidence disclosed by the record shows that E. A. Cowen Construction Company was constructing a dormitory at the College in Tahlequah, and about January 1, 1961, employed decedent as Superintendent of Construction. Decedent's permanent residence was in Tulsa. He spent each week end there, driving from Tahlequah each Friday evening and returning to Tahlequah each Monday morning, and during the week (Monday through Friday) he resided in a motel. On Sunday afternoon preceding February 13, 1961, decedent returned to Tahlequah for the reason (as claimed by claimant) that he was worried and concerned by delays due to bad weather and material shortages which had caused the construction of the dormitory to be behind schedule. On February 13, 1961, at approximately 4:30 p. m., decedent was sitting at his desk in his office at the job site looking out the window; he suddenly slumped forward on his desk; he was taken to Dr. M. who placed him in a Tahlequah hospital; he remained hospitalized for four days attended by Dr. M. who diagnosed his condition as coronary thrombosis. Decedent thereafter was transferred by ambulance to Hillcrest Medical Center in Tulsa where he remained under the care of Dr. F. until discharged on March 8, 1961. He did not return to work but remained at his home. On April 20, 1961, decedent was admitted to Hillcrest Medical Center suffering from acute pneumonitis and died at 7:15 a. m. on April 25, 1961. Dr. F. designated as cause of death acute bronchial asthma due to pneumonia; that the coronary thrombosis of February, 1961, contributed to death but was not related to the terminal disease. Decedent, for a number of years prior to his death had been troubled with a respiratory ailment.

There was testimony for claimant that decedent, a very conscientious workman, was worried and concerned that the job was behind schedule, and had spent considerably more time than usual the week end immediately preceding his heart attack talking on the phone to subcontractors and materialmen relative to construction and delivery of materials.

Respondents produced testimony to the effect that only two days had been lost due to weather conditions and that the project was not behind schedule as testified to by

claimant, but to the contrary was a smooth-running operation with nothing unusual happening to cause worry or concern other than the natural worry and concern attending a a position of responsibility.

Decedent did not engage in nor was he required to do physical or manual labor.

In the case of Magnolia Petroleum Co. v. Clow, 163 Okl. 302, 22 P.2d 378, we said:

"Where, in a proceeding before the [State] Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proved by the testimony of skilled professional persons."

None of the testimony produced by claimant rises to the degree of certainty necessary to prove that the heart attack suffered by decedent was in any manner caused by his work. The strongest medical testimony offered merely ascertains that emotional stress or ambition is a condition commonly associated with coronary occlusion and would contribute thereto in a susceptible individual. Also that decedent's heart attack would have left him in a weakened condition, thereby being more susceptible to contracting an attack of pneumonitis and contributing to his death.

 Only when there is a direct, causal connection between the exertion of the employment and the injury can an award of compensation be made. Such a conclusion was reached by this Court in Novak v. Mc-Alister et al., Okl., 301 P.2d 234, and stated as follows:

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the

work is required to be performed and the resulting injury."

See also the case of Ada Coca-Cola Bottling Co. et al. v. Snead et al., Okl., 364 P. 2d 696, wherein it was stated:

"* * * No case has been called to our attention in which worry was a factor; however, it would seem that such is not a 'risk reasonably incident to the employment' within the meaning of the quoted rule from Novak v. McAlister, supra."

Whether the death of decedent was caused by an accidental injury arising from his employment or resulted from a fatal internal condition of spontaneous origin presented a question for the determination of the State Industrial Court. That court's determination thereof and denial of death benefits was proper, notwithstanding claimant's evidence was uncontradicted, when such evidence failed to meet the burden of proof.

In Dobson v. Commercial Oil Transport, Inc., et al., Okl., 371 P.2d 709, we held:

"An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed and (2) the resulting injury."

 We are of the opinion that the evidence of claimant was insufficient to prove a causal connection between decedent's work and his heart attack. The order of the Industrial Court finding that decedent did not die as the result of an accidental injury arising from and in the course of his employment is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.