Nell Bishop BERRYHILL, Petitioner,

v.

PRUDENTIAL PREMIUM COMPANY OF OKLAHOMA, and American Employers Insurance Company, and the State Industrial Court of the State of Oklahoma. Respondents.

No. 40371.

Supreme Court of Oklahoma.

July 21, 1964.

Shapard & Cannon, Oklahoma City, for petitioner.

George E. Fisher, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

JACKSON, Justice.

Under review in this proceeding is the trial tribunal's order denying claimant, the widow of decedent workman, an award for statutory death benefits. The order rests upon the finding that decedent's "death on October 29, 1961 * * * was from natural causes, and was neither caused nor precipitated by any stress or strain attributable to his * * * employment".

Decedent was engaged in the sale of trading stamps to retail establishments. While resting at home on Labor Day, September 4, 1961, he complained of persistent pain in his arms and chest. He had experienced similar discomfort the day before,

but on neither occasion did he engage in any effort of labor. Dr. G, who saw claimant's decedent on September 4, diagnosed the condition as coronary insufficiency. Decedent was advised to refrain from any activity and to report to the doctor's office the following morning. According to the widow's testimony, decedent was scheduled to take a trip to Jenks, Oklahoma, the following morning where he was to assist at the opening of a new grocery store in arranging a proper display of material advertising trading stamps. Such activity was described by the widow and a former co-employee to include the delivery of trading stamp supplies which required the loading and unloading of boxes with stamp books and catalogues. A box of trading stamp books was said to weigh approximately one hundred pounds and a box of catalogues about eighty pounds. However, no showing was made that on September 5th decedent did reach the retail grocery store in Jenks carrying a supply of catalogues and stamp books in his car. The evidence discloses that decedent left his house at 7:30 A.M. on September 5th and returned approximately at 2 o'clock that afternoon complaining of pain and nausea. He saw Dr. G. the next morning and was immediately hospitalized under emergency treatment. Dismissed from the hospital some forty days later, he spent 10 days at home and was re-admitted for further treatment at the hospital where he died two days later or on October 29, 1961.

The widow's claim was sought to be predicated upon an accidental injury to the heart from work-connected strain allegedly suffered by decedent on September 5th in loading, unloading and lifting heavy boxes of book stamps and catalogues. Dr. G, who gave testimony as the widow's expert witness, related that decedent's "strenuous activity" on September 5, 1961, precipitated a severe myocardial infarction which culminated in his death on October 29. In the hypothetical question propounded to Dr. G. the physician was asked to assume that "on the morning of September 5, 1961, decedent

had been lifting several boxes of catalogues and books." According to the tenor of the letter-reports by Dr. J, the employer's expert witness, Dr. G's original diagnosis of coronary insufficiency, made on September 4, was "inaccurate" because decedent's condition on that day was more "compatible" with an episode of myocardial infarction. Dr. J concluded that decedent's initial incident of myocardial infarction did not occur while he was engaged in "occupational activities."

■ The pattern of proof necessary to establish an accidental injury from work-connected strain consists of two *essential* elements: (1) lay testimony as to the nature of labor performed by the workman when injury occurred; and (2) expert opinion that the exertion attendant upon such activity as shown by the evidence was sufficient in degree to, and did produce, the strain to which disability or death is sought to be ascribed. Only when both of these evidentiary components are supplied may the factum of an accidental injury from strain stand established. Black, Sivalls & Bryson, Inc. v. Coley, Okl., 367 P.2d 1017, 1019; Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741, 744; Glaspey v. Dickerson, Okl., 350 P.2d 939, 943; see also, Ada Coca-Cola Bottling Company v. Snead, Okl., 364 P.2d 696, 699.

■ There is no showing here that on September 5, 1961, decedent left his home in Oklahoma City with a supply of books and catalogues; that these supplies were in fact unloaded by him at the grocery store in whose opening he was to assist; or that decedent even reached the grocery store in question. In short, the record is barren of any evidence of work-connected activity to which the widow sought to attribute decedent's fatal cardiac condition. The existence of these essential facts may not be inferred from either the testimony of the widow or from that of decedent's co-employee, both of whom merely described certain activities "usually" performed by a salesman like decedent on the opening day of a new grocery store account.

■ A claim for compensation under the Workmen's Compensation Act may be established by either direct or circumstantial evidence. Young v. Neely, Okl., 353 P.2d 111, 113; Marby Construction Co. v. Mitchell, Okl., 288 P.2d 1108, 1110. However, the facts offered as circumstantial evidence must afford a logical and legal basis for a reasonable inference of the existence or nonexistence of the fact to be established. 31A C.J.S. Evidence § 161, p. 442.

While the medical opinion of Dr. G may be deemed sufficient to show that decedent's myocardial infarction episode was probably precipitated by his "strenuous activity" on September 5, 1961, there is no proof in the record which establishes that work-connected activity or from which these facts may be inferred. This evidentiary gap is fatal to the widow's claim because without it the factum of decedent's accidental injury from work-connected strain cannot be established. Glaspey v. Dickerson, supra.

■ Claimant seems to also complain that the expert evidence of Dr. J is without probative value because it is vague and indefinite within the rule announced in Adams v. Reed Roller Bit Co., Okl., 335 P.2d 1080. While it is not necessary to pass upon this argument in view of our conclusion that claimant failed to establish the factum of an accidental injury by strain, we do note that both physicians based in part their divergent opinions as to causation upon the autopsy protocol. The principal point of their disagreement was in the evaluation of decedent's initial symptoms on September 4, the day he was first seen by Dr. G. According to Dr. G, decedent was then suffering from coronary insufficiency, whereas Dr. J was of the opinion that the facts were not at all compatible with such diagnosis but indicated a much more serious heart involvement.

■ The State Industrial Court rested its denial of an award upon the findings that (1) decedent did not sustain an accidental injury on September 5, 1961, or on any day prior or subsequent thereto; and

(2) decedent's death on October 29, 1961, was unrelated to any work-connected strain. The findings as made sufficiently dispose of the issues presented to the trial tribunal. Greer v. Sinclair Pipe Line Co., Okl., 356 P. 2d 356; Ware v. Wilson and Company, Okl., 322 P.2d 204, 205.

The proceedings are free from errors of law and the findings are supported by the record. Order denying an award is accordingly sustained.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.