BRYANT–HAYWARD DRILLING COMPA-
NY, Inc. and Argonaut-Southwest In-
surance Company, Petitioners,

v.

Lonnie J. COOK and the State Industrial
Court, Respondents.

No. 42102.

Supreme Court of Oklahoma.

March 26, 1968.

E. W. Keller, Oklahoma City, for peti-
tioners.

Howard C. Triggs, Oklahoma City,
Charles R. Nesbitt, Atty. Gen., Charles L.
Owens, Asst. Atty. Gen., for respondents.

BERRY, Justice.

There is involved here for review an or-
der of the State Industrial Court sitting en
banc, vacating the award of the trial judge
denying the claimant permanent partial
compensation, and directing respondent to
tender the claimant an operation under
specified conditions.  Parties will be re-

ferred to as they appeared before the State Industrial Court.

On March 2, 1964, claimant filed Form 3, alleging he sustained injuries to his right leg and back while working at a hazardous employment for the respondent on February 23, 1964.

Claimant was paid temporary compensation. An order was entered August 18, 1964, awarding claimant permanent partial disability of 10 per cent to the body as a whole. Respondent paid the award. January 13, 1966, claimant filed motion to reopen the case because of an alleged change of condition. After hearing the Industrial Court (March 1, 1966) entered an order holding: "That Claimant has suffered a change of his condition * * * for the worse and is in need of medical treatment in form of surgery." Respondent requested claimant to report to Dr. F for examination and treatment. Dr. F examined claimant on March 11, 1966, and made arrangements for his admission to a hospital on March 21, 1966, for the purpose of making a "myelographic evaluation of his lower back."

Claimant refused to report to Dr. F for further examination and treatment, and on March 25, 1966, filed motion stating he did not desire further examination from Dr. F but wanted surgery performed on his back by his own doctor E M "who is familiar with his physical condition having seen him on numerous occasions over the last two years." He requested the court to determine his permanent disability and states, "which will permit claimant to get his needed surgery whenever and from whomever he chooses."

Respondent filed response to this motion, stating claimant had refused surgery and treatment by Dr. F, a doctor selected by respondent, and insisted that the treatment be performed by his own Dr. E M. Respondent then tendered claimant surgery to be performed by his own doctor, providing "said surgery is performed under the observation and in the presence of physicians of the respondent and Insurance Carrier's choice", Dr. F, further "that the bill for said services will not exceed that which would have been charged by Dr. F for the same operation."

A hearing was held on the motion and response. The facts alleged in the motion and response were admitted. Claimant submitted in evidence the report of Dr. E M, who found claimant needed surgery and if surgery was not performed claimant "has 35 to 40 percent partial permanent loss of use of the body as a whole." Respondent submitted in evidence the report of Dr. F who found claimant "does not need an operative procedure on his lower back * * * does not need treatment", and "has no permanent disability." The report of Dr. J M (not to be confused with claimant's Dr. E M) was submitted in evidence. Dr. J M found that claimant "does not require any treatment" and "does not have any permanent partial disability to any portion of his body." The trial judge entered an order denying claimant "permanent partial disability to his back."

Claimant appealed to the Industrial Court sitting en banc. The court entered an order vacating the order of the trial judge, and further directed respondent to tender claimant "an operation at the hands of a doctor other than" Dr. E M or Dr. F. Respondent's proceedings for review challenges the validity of the order of the State Industrial Court.

85 O.S.1961, § 77(9), authorizing appeals from the order of the trial judge to the State Industrial Court sitting en banc, provides:

"* * * Upon the filing of such appeal, the entire Commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. * * *"

In Edmonds v. Skelly Oil Co., 204 Okl. 471, 231 P.2d 360, we construed this statute and said:

"* * * It is the duty of the State Industrial Commission on appeal from an

order of the trial commissioner to make a new and independent order, or award based on the record. * * *"

The State Industrial Court on appeal is authorized to review both questions of law and fact, and make "a new and independent order", providing that the new order is "based on the record." The evidence in this case is conflicting but is sufficient to justify entering of an order either denying or allowing compensation for permanent disability. The court en banc, after reviewing the facts, was vested with authority to vacate the order of the trial judge denying permanent compensation.

We now turn to the portion of the order of the court en banc directing that respondent tender claimant an operation to be performed by a doctor other than Dr. E M or Dr. F. The court en banc has the same authority originally vested in the trial judge. In this case the hearing before the trial judge was to determine claimant's right to be awarded compensation for permanent disability.

In Continental Oil Co. et al. v. Hayes et al., 157 Okl. 142, 11 P.2d 470, we said:

"Strict rules of pleading are not enforced in a proceeding before the State Industrial Commission. Although a claimant may claim for a certain class or character of disability, the commission may award compensation for such disability as the evidence may justify. When a cause is properly before the commission, the entire range of disability mentioned in the statute may be inquired into, and an award may be made in accord with the facts shown by the evidence."

At the hearing held to determine the extent of claimant's permanent disability, the trial judge would have been authorized to enter an order requiring respondent to tender claimant an operation, if justified by the evidence. Such order would have been germane to the original purpose of that hearing to determine the extent of claimant's permanent disability, if any. The court en banc had the same authority as the trial judge, and was justified in entering the order directing respondent to tender claimant an operation.

Likewise the court was justified under the facts in restricting the tender of the operation to requiring that it be performed by a doctor other than Dr. E M or Dr. F. 85 O.S.1961, § 14, involving the furnishing of medical treatment to an injured employee, in part provides:

"* * * The Commission shall have authority to order a change of physicians at the expense of the employer when, in its judgment, such change is desirable or necessary; * * *."

On March 1, 1966, the trial judge entered an order directing the respondent to furnish claimant medical treatment in the form of an operation. Respondent requested claimant to report to Dr. F for examination and treatment. While the examinations were in progress claimant refused to be treated or examined further by Dr. F, but stated he desired an operation performed by his own Dr. E M. Respondent agreed to the performance of the operation by Dr. E M under conditions previously stated. Dr. E M refused to perform the operation under the conditions requested by respondent. Dr. F in his report finds that no operation is necessary.

The qualifications of both Dr. E M and Dr. F to perform the operation are not questioned. However, we see no error under the circumstances presented in this case in the Industrial Court's order directing a doctor other than Dr. F or Dr. E M to perform the operation. The order of the court directing the performance of the operation by other doctors was prudently entered.

The order of the State Industrial Court en banc is sustained.

All Justices concur.