Belle KINSER, Petitioner,

v.

WESTERN SANDS, INC., St. Paul Fire & Marine Insurance Co., and the State Industrial Court of the State of Oklahoma, Respondents.

In the Matter of the Death of
James F. KINSER.

No. 43105.

Supreme Court of Oklahoma.

May 6, 1969.

Marx Childers, Oklahoma City, for petitioner.

Milton R. Moon, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

Parties will be referred to as they appeared before the State Industrial Court. Deceased, James F. Kinser, will be referred to as "deceased."

It is admitted that the deceased sustained a fatal heart attack and died immediately while working at his regular duties as manager of the Western Sands, Inc., a motel in Woodward, Oklahoma, on May 11, 1967. The insurance coverage is admitted.

The trial judge entered an award allowing the claimant death benefits in the amount of $13,500.00 under the provisions of the Oklahoma Workmen's Compensation Act. Omitting formal portions, the material portions of the order are as follows:

"That James F. Kinser, deceased, sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on May 11, 1967, consisting of a heart attack from which he died on the same date.

\* \* \* \* \* \*

"That by reason of the death of James F. Kinser, due to said accidental personal injury, respondent or insurance carrier are liable for payment of the sum of $13,500.00 to Belle Kinser, as provided by the Death Benefits Section of the Workmen's Compensation Law."

The State Industrial Court sitting en banc, on appeal, entered an order vacating the award entered by the trial judge and entered an order denying the claim of the claimant. Again, omitting the formal parts

the material portions of the order are as follows:

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated and denied.

"IT IS THEREFORE ORDERED that the order of the Trial Judge heretofore entered in this case on April 17, 1968, be and the same hereby is vacated, set aside, and held for naught, and Claimant's claim is denied."

Claimant appeals from said order contending that the findings made by the court are inadequate and too indefinite and uncertain for judicial interpretation.

The sole question presented to the trial tribunal for determination was whether or not under the facts presented the heart attack sustained by the deceased constituted a compensable claim within the provisions of the Oklahoma Workmen's Compensation Act.

This same question was before this court quite recently in a case involving similar facts and orders, Loague v. Watson and Watson et al., Okl., 450 P.2d 492, wherein we held:

"Where, under the record and the evidence, only one issue of ultimate fact was presented for determination by the State Industrial Court sitting en banc, so that in the circumstances, it is clear that the conclusion of law and the order of that court that an award of compensation by a trial judge of that court be vacated and the claim for compensation denied could only be based upon a negative answer to the single question of ultimate fact so presented, this court, on review, will not vacate such order for failure of the State Industrial Court to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which the order is based."

Claimant cites the cases of Leffler v. McPherson Brothers Transport, Okl., 396 P.2d 491, and Brookshire v. Knippers Plumbing Co., Okl., 390 P.2d 887. We dis-tinguish these two cases in Loague v. Watson & Watson, supra. In each of these cases more than one issue of fact was presented for determination by the State Industrial Court en banc.

Other cases approving the rule declared in Loague v. Watson & Watson, supra, are Hills v. H. J. Jeffries Truck Line, Okl., 445 P.2d 411; Bailey v. Metropolitan Paving Co., Okl., 441 P.2d 385; Howland v. Douglas Aircraft Company, Okl., 438 P.2d 5.

We adhere to our ruling made in the Loague case. The order entered by the court sitting en banc is sufficiently definite. No error was committed here.

The evidence reflects that the deceased at the time he sustained a heart attack was doing exactly the same type of work he had been doing for five years. He was "checking out" a customer at the motel. He was not subjected to any unusual strain or exertion.

Evidence was submitted that the deceased was a "worrier" and for several weeks prior to sustaining a heart attack had been worried and depressed over the fact that the cafe connected with the motel was not being operated efficiently and the further fact that a trusted employee of the motel had submitted her resignation.

Approximately a week before the attack the deceased and his wife, with full knowledge of the problems, went on a vacation in Colorado. During this vacation the deceased rested and played golf. He returned to the motel from the vacation on Tuesday May 9, 1967, about 3 P.M. The employee resigning left the same day. The problems connected with the operation of the cafe still existed. Deceased's wife testified that deceased upon his return from his vacation appeared to be normal and feeling fine. The next day, May 10, and the day before the heart attack, the deceased played golf. In the evening he engaged in a social poker game with friends.

We have held that a man will not be permitted to "worry" himself into a heart attack and receive compensation disability

for the attack. Ada Coca-Cola Bottling Co. v. Snead, Okl., 364 P.2d 696.

The medical testimony is conflicting. One doctor, testifying for the claimant, testified there was a causal connection between the heart attack and the work deceased was doing at the time of the attack. A second doctor testifying for the respondent testified that there was no causal connection between the attack and the work.

Claimant was required to establish a "direct, causal connection between the exertion of employment" and the alleged heart attack. Norton v. E. A. Cowen Construction Company, Okl., 391 P.2d 785. She failed to make such proof.

In Griffin v. Flint Steel Corporation, Okl., 405 P.2d 63, we said:

"Whether a heart attack suffered by a workman resulted from strain or exertion arising out of and in the course of his employment, or from other causes which are unrelated thereto and disconnected therefrom, presents a question of fact for the determination of the State Industrial Court whose findings on such issue will not be disturbed on review when based on competent evidence reasonably tending to support it."

The State Industrial Court sitting en banc has the same authority originally vested in the trial judge and on appeal is authorized to "make a new and independent order, or award based on the record." Bryant-Hayward Drilling Co. v. Cook, Okl., 439 P.2d 480; Edmonds v. Skelly Oil Co., 204 Okl. 471, 231 P.2d 360.

The State Industrial Court is the "sole and ultimate arbiter for determining the credibility of witnesses, including medical witnesses, and the weight to be accorded their testimony," and the findings of the State Industrial Court are binding on this court if supported by any reasonable competent evidence. Loague v. Watson & Watson, supra; Howland v. Douglas Aircraft Co., Inc., Okl., 438 P.2d 5.

The order of the State Industrial Court sitting en banc vacating the award entered by the trial judge is sustained by reasonable competent evidence.

The order is therefore sustained.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.