In the Matter of the Death of J. W. KING.
Eula Mae KING, Petitioner,

v.

HONEGGER CONSTRUCTION CO., the Travelers Insurance Co., and the State Industrial Court of the State of Oklahoma, Respondents.

No. 44049.

Supreme Court of Oklahoma.

Sept. 29, 1970.

Rehearing Denied Nov. 10, 1970.

Bob Rudkin, Rudkin & Wright, Edmond, for petitioner.

Watts, Looney, Nichols & Johnson, by H. W. Nichols, Jr., Oklahoma City, G. W. Blankenship, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding for the review of an order of the State Industrial Court denying claimant an award under the death benefits provisions of the Workmen's Compensation Law.

Claimant's decedent was her husband, J. W. King. For about 17 years he had been

an employee or superintendent for the respondent, Honegger Construction Company, which was engaged in highway construction.

There was uncontradicted evidence that on Friday, King's crew was on a highway construction job near Colony, Oklahoma. King had general responsibility for the entire job as superintendent, but helped with the manual labor when it was necessary. On that day a "chipping operation" was in progress; a "base course" had already been laid and the crew was in process of applying the "surface course" of hot asphalt. Highway Department inspectors required that the surface of the roadway be cleaned before the "surface course" was applied. For this purpose a mechanical sweeper was used, but in places hand brooming was necessary. Mr. Honegger, principal owner of the respondent corporation, testifying for claimant, said that King was using a hand broom described as "a pretty heavy broom" which required a "certain amount of strain and effort". At that time, King complained to Honegger that his chest had started hurting while he was doing the hand brooming.

Mr. McBride, a co-employee of King's, testified that on that day King was loading dirt and also using the hand broom. He said it was routine for King to help with the manual labor because "We were always shorthanded". At lunch time McBride asked King to have lunch with him, but King said "I will get something after a while; I don't feel good".

King finished the day's work and also worked all day Saturday. When he got home Saturday evening he told his wife that he "just didn't feel good". King rested on Sunday and went to work on Monday morning. McBride was a little late that morning and when he got to the job site King was sitting in a pickup truck with his brother. He said that he "felt bad" but refused McBride's suggestion that he should be taken to a doctor. However, a little later King "stopped at the pickup and went and laid against it" and said "I believe I will let you-all take me to the doctor." McBride and another employee then drove him to the hospital in Weatherford.

By the time they got there King's condition was such that he was unable to give any information, and the history Dr. L got from the employees consisted of a general description of the kind of work King had been doing and the information about the chest pains. He was admitted to the emergency room. It was Dr. L's impression that at that time King "was having a myocardial infarction, or ischemicia". An electrocardiogram was given and laboratory procedures and treatment were started. On the following day, Tuesday, King had another myocardial infarction described as "massive", and died.

The only medical expert testifying was Dr. L. He gave an affirmative answer to the question of whether "over-exertion and strain at the job was a probable cause of this myocardial infarction" and said "That is my interpretation, my medical opinion".

Respondent and insurance carrier presented no testimony or evidence of any kind.

The order denying an award was based on a finding that King did not sustain an accidental injury in the course of his employment. Dr. L's comment on cross examination that "there's many of them that's not doing anything and have myocardial infarctions" may have caused the court to believe he included the decedent in that category. That court did not have the benefit of a transcript of his testimony.

In her brief in this court, claimant argues in effect that the uncontradicted evidence in this case establishes as a matter of law that she was entitled to an award.

We agree. It is settled in this jurisdiction that, in heart cases, a work-connected strain or over-exertion producing an injury to the heart constitutes an accidental personal injury within the meaning of our Workmen's Compensation Law. An injury to the heart resulting in coronary occlusion which produces myocardial infarction is compensable if caused or precipitated by antecedent strain or over-

exertion arising out of and in the course of hazardous employment covered by the Workmen's Compensation Law. Young v. Neely, Okl., 353 P.2d 111. The pattern of proof necessary to establish an accidental injury from work-connected strain consists of two essential elements: (1) lay testimony as to the nature of labor performed by the workman when injury occurs; and (2) expert testimony that the exertion attendant upon such activity as shown by the evidence was sufficient to, and did, produce the strain to which disability or death is sought to be ascribed. Berryhill v. Prudential Premium Company, Okl., 394 P.2d 520.

The uncontradicted evidence in this case meets the requirements of the above test. The testimony of Honegger and Mc-Bride as to King's activities and complaints on Friday, summarized above, completely fulfills the requirements as to lay testimony. The expert testimony of Dr. L, likewise uncontradicted, clearly attributes the myocardial infarctions and death to the "over-exertion and strain at the job". The record before us suggests no basis for a conclusion that his testimony is unworthy of belief.

In the answer brief, respondent and insurance carrier point out that the only competent evidence of any over-exertion or strain on the job was that it happened on Friday, while the expert testimony of Dr. L was that the first myocardial infarction did not occur until the following Monday. However, there was other testimony by Dr. L, also uncontradicted, that there is normally a lapse of "several hours or a number of hours" between the strain and the resulting myocardial infarction. On cross examination he would not place any arbitrary "time limit" upon this period. He obviously did not consider three days, from Friday to Monday, as too long a period, because in his discussion of this case he referred to the chest pain "three days prior to admission".

Respondent and insurance carrier also rely upon, and quote extensively from, Berryhill v. Prudential Premium Company, Okl., 394 P.2d 520, also a heart case, but it is not in point on the facts. Claimant's decedent in that case was a traveling salesman of trading stamps, and the theory was that he suffered a work-connected strain while lifting boxes of trading stamps and catalogues at the opening of a new grocery store. However, the lay testimony was confined to what he *usually* did on such occasions, and there was no testimony as to what he actually did on that day, or that he even reached the new grocery store as contemplated. An award of death benefits was accordingly denied because the lay testimony was insufficient to establish that there was any work-connected activity to which the fatal cardiac condition could be attributed. In view of the uncontradicted testimony of Honegger and McBride in this case, it cannot be said that the lay testimony is insufficient.

The question of whether claimant or claimant's decedent suffered an accidental injury arising in the course of his employment is one of fact to be determined by the State Industrial Court; but where there is no dispute as to the facts, it is a question of law. Pool Well Servicing Co. v. Morris, Okl., 389 P.2d 981; Hughes v. Haco Drilling Company, Okl., 340 P.2d 472.

In view of the uncontradicted evidence in this case, we hold as a matter of law that claimant's decedent suffered an accidental injury in the course of his employment with respondent employer.

The order denying an award is therefore vacated, and the cause is remanded to the State Industrial Court with instructions to enter an award for claimant.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and HODGES, J., dissent.