**IDEAL CEMENT COMPANY, Own Risk Insurance Carrier, Petitioner,**

v.

**OKLAHOMA STATE INDUSTRIAL COURT and Lillian Ella Allison, Respondents.**

In the Matter of the Death of Perry Wade ALLISON.

No. 44430.

Supreme Court of Oklahoma.

June 2, 1971.

Rehearing Denied June 29, 1971.

Frank H. Jaques, Lambert, Roberts, Jaques & Heard, Ada, for petitioner.

James F. Fellingham, Oklahoma City, for respondents.

McINERNEY, Justice:

There is presented here for review an order of the State Industrial Court sitting en banc affirming an order of the trial judge, awarding Lillian Ella Allison (claimant) death benefits under the provisions of the Workmen's Compensation Act for the death of her husband Perry Wade Allison (deceased) from a heart attack.

The question presented on review is whether there is competent evidence to support a finding of causal connection between the death of the deceased from a heart attack and his alleged injury while employed by the Ideal Cement Company (Ideal).

Deceased reported for work at Ideal on a Friday as a laborer and cleanup man. There is a conflict in the evidence regarding the state of his health on this morning. Claimant testified that deceased made no complaint of illness before leaving for work; a history that deceased gave Dr. Mc on Saturday indicates that deceased was suffering chest pains at home on Friday before leaving for work. The conflict has been resolved by the State Industrial Court in favor of claimant. We proceed on the theory that deceased departed for work in good health.

The normal duties of deceased at Ideal required him to operate a self-propelled sweeper, and to do a little sweeping and shoveling. In the course of his regular duties he was required to climb about twenty to twenty-five steps twice each day to sweep the steps with a broom and, on a rotating basis with other employees, to clean an area approximately eight to ten feet wide two floors above the kiln floor. He cleaned this area on Friday. His supervisor testified that he carried no equipment while climbing the steps. Deceased performed his normal duties in a regular manner on Friday, although he was experiencing some pain in his chest during the day after reporting for work. He finished work and went home.

Deceased was not feeling well the next morning, Saturday, and went to see Dr. Mc. Dr. Mc took a history from deceased and made a physical examination. Dr. Mc urged deceased to go immediately to the hospital for study and clarification. Deceased declined, stating he desired to go home first. Dr. Mc gave deceased four Isordil Sublingual tablets in the event the earlier pain in his chest recurred, and arranged for his admittance in the hospital when he finished his trip home.

Deceased returned to his home. His chest pains recurred and he went to the hospital where he died about forty-five minutes after being admitted. The pathologist in his autopsy report finds the cause of death to be "Angina pectoris. Possible diaphragmatic hernia. Arteriosclerotic disease, with coronary occlusion myocardial infarction."

Dr. P testified by deposition as a medical witness for the claimant. Dr. P did not examine the deceased nor did he confer with Dr. Mc or examine the hospital records. His testimony, including cross examination, is confined solely to answering a hypothetical question which related relevant facts and included the following assumed fact:

"He was required to assume additional responsibilities in his work habits in that he was required to clean additional area which necessitated the climbing of stairs and the carrying of equipment."

Dr. P stated that the acute myocardial infarction was "precipitated by strenuous effort." The strenuous effort relied upon to support the opinion of Dr. P is the quoted portion of the hypothetical question set out above.

The evidence establishes that the deceased at the time he experienced pain while working was performing his usual work in a normal manner. His normal work required him to climb steps at least twice each day and to clean the area above the kiln floor twice a week. He did not carry any equipment with him while climbing the steps. Deceased while performing his work was not subjected to any unusual stress or strain or subjected to an increased workload with additional duties.

The findings of Dr. P that the heart attack was "precipitated by strenuous effort" based on "assuming additional responsibilities in his work habits" is not supported by the evidence.

■ An examination of recent cases in which awards for disability or death due to heart disease have been sustained indicate that circumstances involving either additional duties, increased workload or unusual exertion in the performance of regular

duties were present. Bill Gover Ford Company v. Roniger, Okl., 426 P.2d 701 (1967); City of Tulsa v. State Industrial Court, Okl., 434 P.2d 203 (1967); Flint Construction Company v. Downum, Okl., 444 P.2d 200 (1968); Farmers Co-Op Exchange of Weatherford v. Krewall, Okl., 450 P.2d 506 (1969); Board of County Commissioners of Tulsa County v. Parker, Okl., 451 P.2d 936 (1969). When the evidence reflects that the deceased at the time he sustained a heart attack was doing exactly the same type of work he normally does, and was not subjected to any unusual strain or exertion, there is no causal connection between the heart attack and the work. Kinser v. Western Sands, Inc., Okl., 454 P.2d 305 (1969). Only if there is a causal connection between the conditions under which the work is required to be performed and the resulting injury can an award of compensation be made. Norton v. E. A. Cowen Construction Co., Okl., 391 P.2d 785 (1964).

The State Industrial Court found that the deceased sustained an accidental injury resulting in death, due to a heart attack "precipitated and aggravated by efforts incident to his work." The only medical evidence in the record to support this finding is the opinion of Dr. P. The opinion of Dr. P is based on an assumption of fact not contained in the record. The doctor's testimony in response to the hypothetical question is therefore incompetent. Glaspey v. Dickerson, Okl., 350 P.2d 939 (1960). One who seeks compensation for death from a cardiac episode must establish, by competent evidence, that such condition was caused or precipitated by an accidental injury from strain or exertion sustained in the course of or arising out of employment. Berryhill v. Prudential Premium Company of Oklahoma, Okl., 394 P.2d 520 (1964). When there is no competent medical evidence as to the nature and cause of the heart attack, an award made for the death of an employee under the Workmen's Compensation Act will be vacated. Southwestern Bell Telephone Company v. Gregory, Okl., 399 P.2d 484 (1964).

The order of the State Industrial Court sitting en banc affirming the award entered by the trial judge is not sustained by competent evidence. Gregory, supra; Kinser, supra.

Award vacated.

All of the Justices concur.