**BLACK, SIVALLS & BRYSON, a corporation, Petitioner,**

v.

**Mrs. Warren BASS and the State Industrial Court, Respondents.**

No. 45594.

Supreme Court of Oklahoma.

Feb. 13, 1973.

Garrett & Garrett, by James M. Robinson, Oklahoma City, for petitioner.

J. Clark Russell, Oklahoma City, for respondent.

LAVENDER, Justice:

Warren Bass suffered a fatal heart attack December 19, 1971, approximately eighteen months after a prior attack resulting in total disability. Claimant, surviving widow and sole dependent, filed claim for death benefits. The trial judge found deceased suffered a compensable accidental injury June 29, 1970, resulting in a heart attack which disabled deceased until death and entered an award to claimant. This order was corrected to show deceased died as a result of this heart attack.

This original proceeding for review seeks vacation of the order awarding death benefits. The basic contention asserts lack of evidence to establish the fatal heart attack was the direct and proximate result of an occupational injury sustained while deceased was in petitioner's employ. Determination of matters urged in petitioner's supporting argument requires summation of factual matters which provided basis for the trial judge's order.

Deceased was employed by petitioner as a welder, whose customary duties assembling coils required handling 10 ft. lengths of pipe weighing approximately 100 pounds. There was evidence showing lifting pipe from a rack, and positioning pipe on the bench for welding was not an easy job, but hard, manual labor which required lifting, strenuous effort and strain. Deceased reported for work at 3:42 P.M. on June 27, 1970, performed his customary duties and returned home after midnight. The next morning deceased told claimant of suffering chest pains and nausea upon straightening up after lifting some pipe. Although feeling dizzy, deceased worked the next day, finished his shift, returned home, and went to bed. Deceased reported for work on June 29th (Monday) and while welding began suffering pains in his chest and shoulder, became weak and scarcely able to stand. After reporting to first aid, deceased was removed to a hospital by ambulance and was treated for myocardial infarction. After release and three weeks stay at home, deceased again was hospitalized for a longer period. When released, deceased reported for work but was denied employment, on advice of the company physician, because of inability to work due to his heart condition. Deceased's condition was such he thereafter performed no work, lived a sedentary existence, and was under continuous medication until his fatal attack.

On January 20, 1971, deceased, as claimant, had filed Form 3 alleging the heart attack was the result of occupational activities arising out of and in the course of employment. Petitioner answered denying the heart attack resulted from work connected activities. Following an evidentiary hearing, but before an order was entered, this claim was settled upon joint petition, and a compromise order settling permanent total disability was entered with approval of State Industrial Court.

The only medical evidence is the report, dated February 16, 1972, by the physician who examined deceased at time of the original heart attack. This report reflects deceased's "on the job injury by myocardial infarction resulting in permanent total disability, continuous treatment and limited activity until date of death." This report concludes death was causally connected to injury received June 27, 1970, resulting in myocardial damage which, coupled with damage from attack December 19, 1971, resulted in death.

Petitioners first contend the joint petition settlement did not encompass judicial determination of any fact, which (they argue) resulted in entire absence of material facts indicating any work related strain or exertion connected with the fatal heart attack. From this petitioners conclude there is no basis for the medical finding deceased's death was work connected, and thus there is no competent evidence supporting the trial judge's findings of fact.

Cited as authority that a joint petition settlement is not a judicial determination of any fact are Cavender v. Wofford Drilling Co. (1942), 190 Okl. 291, 123 P.2d 261, and National Gypsum Co. v. Brewster (1969), Okl., 461 P.2d 593. Examination of each decision discloses that neither provides authority for petitioner's initial expression. In the Cavender case we pointed out the approval of such settlement is not a matter of right, but within discretion of the State Industrial Court after full and complete investigation of all the facts, and subject to review as in case of any other award.

■ As urged by respondent, we are of the opinion the joint petition settlement is no different from any final award of State Industrial Court. This was settled in the early case of St. Joseph Mining Co. v. Pettitt (1923), 90 Okl. 242, 216 P. 657, involving whether a statutory settlement was a release of liability cancellable only for fraud. The court held agreement (joint petition settlement) under terms of statute constituted agreement as to facts relating to injury. Where made and approved by Industrial Court, settlement constitutes basis of an award. The statute provides the agreement as to facts with relation to injury shall be binding upon parties. We hold a joint petition settlement after evidentiary hearing constituted a judicial determination of facts upon which the award was based. Special Indemnity Fund v. Acuff (1963), Okl., 383 P.2d 630. Petitioner's argument that the settlement did not constitute judicial determination of any fact, thus resulting in absence of material facts, is without merit.

Further argument as to absence of evidence to establish a material fact, since facts concerning the original injury had been adduced on joint petition hearing, is not persuasive. In several cases this court has delineated the nature and quantum of proof necessary to establish accidental injury resulting from work-connected strain. King v. Honegger Construction Co. (1970), Okl., 476 P.2d 72, and cases therein cited.

In the present proceeding lay testimony established deceased's work was difficult, and constituted hard, manual labor which required lifting, strain, and strenuous effort. Medical report of a physician who examined deceased, both after his first attack and during his period of disability, and who had knowledge of his condition and continued treatment, was introduced. This report established deceased never recovered from damage resulting from the original injury, and this injury combined with additional heart damage to cause death. This evidence is uncontradicted, other than for petitioner's criticism that medical evidence is incompetent for lack of predicate, and cannot support causal connection between employment and the original heart attack. Lack of medical evidence found to exist in Ideal Cement Company v. Oklahoma State Industrial Court (1971), 486 P.2d 712, should be compared against quality and extent of medical evidence available herein.

Relying upon expressions in Ideal Cement Co. v. Oklahoma State Industrial Court, supra, petitioner insists there must be an objective showing of causal connection between work activities and the heart attack before the work can be categorized as a possible causal factor. Thus petitioner concludes because there was no evidence showing undue exertion or unusual strain, or other factors causing strain, the requisite proximity between work activity and heart attack is not met, and deceased's work cannot be considered a contributing factor to the heart attack.

We do not ascribe significance to our expression in Ideal, supra, which petitioner assertedly finds there. The result in Ideal was derived from total failure of medical evidence. The only evidence was opinion testimony in response to a hypothetical question, based upon an unfounded assumption of fact. Requirement of causal connection between work activities, or conditions, and resulting injury is settled by numerous decisions. Norton v. E. A. Cowen Construction Co. (1964), Okl., 391 P.2d 785 and cases cited. The language in Ideal, supra, to the effect that where the workman sustains a heart attack while doing usual work and not subjected to unusual strain or exertion, there is lack of causal connection between the work and the injury is too general.

Flint Construction Company v. Downum (1968), Okl., 444 P.2d 200, 203, states:

"This court is definitely committed to the rule that a disability attributable to a heart condition caused or precipitated by an antecedent strain or exertion occurring while the employee is doing his work in the usual and customary manner as an employee coming within the provisions of the Oklahoma Workmen's Compensation Act is compensable although nothing unusual occurred to cause the strain or exertion. Bill Gover Ford Company v. Roniger, Okl., 426 P.2d 701; H. J. Jeffries Truck Line v. Grisham, Okl., 397 P.2d 637; Safeway Stores, Inc. v. Evans, Okl., 376 P.2d 336; Farmers Cooperative Association v. Madden, Okl., 356 P.2d 741."

It is apparent the language in Ideal, supra, must be considered as an encroachment into an area of settled law as expressed in the Downum case, supra. This requires the Ideal Cement case to be read carefully and applied narrowly, in view of the quoted rule.

Admittedly deceased suffered a compensable, disabling heart attack while working for petitioner. The trial judge had available both the knowledge imparted by joint petition settlement, and evidence adduced at the hearing which resulted in this order. Questions of fact, concerning the work connected injury and resulting death, were resolved by the trial judge. We hold the trial judge's determination of these questions are reasonably supported by competent evidence. Viersen & Cochran Drilling Company v. Ford (1967), Okl., 425 P.2d 965.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.